{¶ 42} I find little fault with the reasoning of my colleagues relative to the legal standard applicable to a motion for leave to file a responsive pleading beyond the time set forth in the Ohio Rules of Civil Procedure. Nor do I have any major objection concerning their analysis as to what constitutes "excusable neglect" as contemplated by Civ.R. 6. However, I dissent from their opinion upon the belief that an appellate court should not invade the province of the trial court to determine issues of fact. Here, it is abundantly clear that the trial court rejected the motion of appellant on issues other than whether or not appellant demonstrated excusable neglect. In order for this court to do anything other than reverse and remand, we must assume that the trial court, had it used the correct standard, would have reached the same conclusion. To do so as the majority suggests is to implement a policy of appellate review by a Ouija Board that I am unwilling to accept.
 {¶ 43} Finally, I do not mean to even suggest that I am advocating that trial judges have to cite the applicable legal standard every time they rule on a motion. Indeed, it is well established that a reviewing court will generally presume that the trial court utilized the correct legal standard. However, once a court states its reasoning, and that reasoning is clearly not the appropriate standard, then the ruling of the trial court must of necessity lose the aforementioned presumption.
 {¶ 44} In conclusion, I would remand the matter back to the trial court for that court to issue a ruling on the motion to file an answer to the complaint of appellees based upon whether the court does or does not find excusable neglect in the failure of appellant to file said proposed responsive pleading within the twenty-eight day period mandated by the Civil Rules.
 {¶ 45} Although my analysis of the first assignment of error would necessarily require reversal of the entire judgment, I do alternatively concur in the majority's conclusion under the second and third assignments of error.